### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

JOANN PIGG,

          Plaintiff,

v.                                                                  CIVIL ACTION NO.  2:05-cv-00895

UNITED STATES OF AMERICA,
and CHARLES COLEMAN,

          Defendants.

### MEMORANDUM OPINION AND ORDER

Pending before the court is the United States's motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure [Docket 6].  The plaintiff responded twenty-nine days after the deadline for responding.[1]

The United States asserts that this court does not have jurisdiction to hear the claim against it because the plaintiff previously filed a Federal Employees Compensation Act ("FECA") claim and received benefits.  The court agrees.  *See Wallace v. United States*, 669 F.2d 947, 951 (4th Cir. 1982); *Hielman v. United States*, 731 F.2d 1104, 1109 (3d Cir. 1984) ("If a claim is covered under

---

[1]When submitting briefs to the court, attorneys should strive to set forth thoughtful, well-crafted arguments through established principles for writing and citation.  Although the court does not demand perfection, it does expect attorneys to reach a minimum threshold of proficiency.  The brief filed by plaintiff's counsel fails to meet this threshold.  Despite the document's label as a "response," it fails to respond to the arguments set forth in the defendant's motion.  In addition to innumerable spelling and grammatical errors, the document demonstrates counsel's considerable misunderstanding of the proper rules of citation as set forth by the *Bluebook*.  As counsel inartfully states in her brief, "a more investigative examining" of all briefs submitted to a "Untied States" (sic) Federal Court is required.

FECA, then the federal courts have no subject matter jurisdiction to entertain an action, since the United States has not otherwise waived its sovereign immunity to suit.").

Ms. Pigg submitted a FECA claim to the Department of Labor, and it accepted her claim for benefits on May 2, 2003.  Thus, the court **FINDS** that it does not have subject matter jurisdiction over Ms. Pigg's claim against the United States because the claim is covered by FECA.  As a result, the court **DISMISSES** the plaintiff's claim against the United States.

The remaining claims against Mr. Coleman are state actions.  Ms. Pigg and Mr. Coleman are both residents of the state of West Virginia; therefore, they are nondiverse parties.  Accordingly, the court does not have diversity or federal question jurisdiction over Ms. Pigg's claim against Mr. Coleman.  Nevertheless, the court must examine whether it should retain supplemental jurisdiction over these claims.  *See* 28 U.S.C. § 1367 (2000).

When a federal court has original jurisdiction in a civil action, the court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  *Id.* § 1367(a).  When the basis for federal jurisdiction is dismissed, however, a court has discretion to retain or dismiss pending state law claims.[2]  *See id.* § 1367(c); *Shanaghan v. Cahill*, 58 F.3d 106, 109 (4th Cir. 1995).  In exercising this discretion, the court considers the "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy."  *Shanaghan,* 58 F.3d at 110.  When

---

[2] 28 U.S.C. § 1367(c)(3) provides: "The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."

exercising their discretion, trial courts "enjoy wide latitude in determining whether or not to retain

jurisdiction over state claims when all federal claims have been extinguished." *Id.*

After considering the factors set forth in *Shanaghan*, and giving great weight to the fairness

factor, the court **FINDS** that these factors militate against exercising supplemental jurisdiction over

the plaintiff's state law claims.  The court accordingly declines to exercise supplemental jurisdiction

over the plaintiff's state law claims.  Ms. Pigg's action against Mr. Coleman is therefore

**DISMISSED** without prejudice.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any

unrepresented party.

ENTER:      February 27, 2006

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE